IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016

**STATE OF TENNESSEE v. ASHLEY KELSO**

**Appeal from the Circuit Court for Marion County**
**No. 9080V3  Justin C. Angel, Judge**

_____

**No. M2016-00661-CCA-R3-CD – Filed October 7, 2016**

_____

The trial court revoked Ashley Kelso's ("the Defendant") probation and ordered her to serve the balance of her sentence.  After a review of the record and applicable law, we conclude that the trial court did not abuse its discretion in finding that the Defendant violated her probation or by ordering that she serve her sentence in incarceration.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

B. Jeffery Harmon, District Public Defender; R. Chris Albright, Assistant Public Defender, Jasper, Tennessee, for the appellant, Ashley Kelso.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; James Michael Taylor, District Attorney General; and Julia Veal, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

On September 27, 2011, the Defendant pleaded guilty to introduction of a controlled substance into a penal institution, a Class C felony, and was sentenced to five years and three months as a Range I standard offender, with three months to be served in jail and the balance of her sentence to be served on probation.

On October 29, 2015, the Defendant's probation officer executed an affidavit alleging that the Defendant had violated five rules of probation, and the trial court issued a violation of probation warrant. Specifically, the affidavit stated that the Defendant violated Rule 4 by failing to maintain employment; Rule 5 by failing to provide her correct address to her probation officer; Rule 6 by failing to report on October 16, 2015; Rule 8 by failing a random drug screen on October 9, 2016; and Rule 9 by failing to pay "on her case" since March 2014.

At a probation revocation hearing conducted March 21, 2016, Colton Brown, the Defendant's probation officer, testified that every time the Defendant reported she filled out a form listing the address of her residence. Officer Brown conducted home visits to verify that the Defendant resided at the address. When he tried to verify that she was living at her aunt's house on North Elm Street in South Pittsburg, the Defendant's aunt and sister told him that the Defendant did not live there. He stated that he had previously, on multiple occasions, determined that the Defendant did not reside at the address she provided.

Officer Brown testified that the Defendant tested positive for marijuana when she reported on October 9, 2015. After the positive test, she admitted that she had smoked marijuana. Officer Brown testified that there had been multiple failed drug screens, including one positive test that led in part to the issuance of a previous revocation warrant. As a result of that warrant, the Defendant's probation was revoked, and the Defendant was sentenced to one year in the county jail. She was granted a furlough of that sentence to attend a twelve-month drug rehabilitation program at Omega House. During her time at Omega House, she obtained employment at Yorozu.[1] The Defendant left the program after five or six months because of transportation issues. She returned to Marion County. At the time she left Omega House, Officer Brown said the monthly progress reports that he had been receiving indicated that she was doing very well in the program, and her supervisor at Yorozu reported that she was doing well at work. Since she was doing well, Officer Brown's plan was to allow her to move to White County so that she could continue to work at Yorozu.

By order dated June 9, 2015, the trial court allowed the Defendant thirty days to find a place to live in White County so that she could regain her employment at Yorozu. Officer Brown attempted to transfer the Defendant's probation to White County, but his request was denied because the Defendant's residence there could not be verified. The transfer request was resubmitted to Davidson County after the Defendant told Officer Brown that she had found a place to live in Antioch. That transfer was also denied after the Defendant told the Davidson County probation officer that she only lived in Antioch on the weekends.

---

[1] Yorozu is not further identified in the record.

From June 9 until October 9, 2015, the Defendant reported to Officer Brown by text message and by telephone. When she reported in person on October 9, Officer Brown performed a drug screen, and the Defendant tested positive for marijuana. After the positive drug test, the Defendant failed to attend her next scheduled probation meeting on October 16. Officer Brown stated she had not reported in person, texted, or called since the positive drug test.

The Defendant claimed the only relapse she had following rehabilitation at Omega House was when she smoked marijuana that led to the October 9 positive drug test. She said the reason she failed to report after the positive drug test was because she was "scared that [she] was going to get locked back up[.]" She stated that before she stopped reporting she was staying with her aunt. When asked why her aunt would tell her probation officer that she was not living there, she said "I guess because I really wasn't staying there like I said. I was staying here and there[.]" She testified that she was married and had two small children and that her husband was in hospice care in South Pittsburg. She asked the court to place her on community corrections so that she could take care of her husband.

The trial court found that the Defendant was not a good candidate for probation and that her potential for rehabilitation was not good. The trial court noted that the Defendant had a prior probation violation for the same type of conduct—illegal drug usage and failing to report—for which she had been ordered to serve a year in jail. He noted that her sentence had been furloughed to allow her to participate in a rehabilitation program. The trial court revoked the Defendant's probation based on two violations of the rules of probation, the Defendant's use of illegal drugs as evidenced by the failed drug test and her admission and the Defendant's failure to report to her probation officer as required. The trial court ordered the Defendant to serve the balance of her sentence. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion in ordering the Defendant to serve her sentence in confinement. The State argues that the trial court did not abuse its discretion when it revoked the Defendant's probation and ordered her to serve her sentence in confinement. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn.

3

Crim. App. 1984). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. If the record clearly shows that "the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily[,]" there is no abuse of discretion. State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995).

In this case, the record clearly shows that the Defendant failed to report to the probation office following the positive drug test on October 9, 2015. Further, the Defendant admitted that she failed to report because she was worried she would be "locked up" after testing positive for marijuana. The Defendant's admission that she used marijuana and willfully failed to report as instructed, alone, constitutes substantial evidence to support the revocation of probation. See State v. Christopher Nathaniel Richardson, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007) (holding that the defendant's admission of a violation of probation alone was "substantial evidence of record to support the trial court's revocation order"), no perm. app. filed. The trial court did not abuse its discretion when it found that the Defendant violated the terms of her probation by testing positive for marijuana and by failing to report.

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years." State v. Brandon L. Brawner, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e); State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999) no perm. app. filed. The determination of the proper consequences of the probation violation embodies a separate exercise of discretion. State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

After determining the Defendant had violated her probation, the trial court determined her probation should be revoked and ordered the Defendant to serve the balance of her sentence. The trial court noted that the Defendant had a prior revocation for the same type of violations. The Defendant has failed to show that the trial court abused its discretion in ordering the sentence to be served.

4

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE